IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

EDWARD LEE BROWN,

    Plaintiff,
v.                                          CASE NO. 1:21-cv-75-AW-GRJ

DETECTIVE WARREN BROWN, et al.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a pretrial detainee at the Alachua County Jail, initiated this case by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) and has been granted leave to proceed as a pauper by separate order. The Complaint is before the Court for screening pursuant to the Prison Litigation Reform Act, 28 U.S.C. § 1915A, which provides that the Court shall dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. For the following reasons, it is respectfully recommended that the Complaint be dismissed pursuant to the *Younger* abstention doctrine and pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted and for abuse of the judicial process.

The allegations of the Complaint may be summarized as follows. Plaintiff alleges that he was arrested in December 2019 and charged by information in January 2020 in Alachua County case number 2019-CF-3862-A. His case is currently set for trial in June 2021. Plaintiff is proceeding *pro se* in his criminal case following a *Faretta* hearing. Plaintiff alleges that he filed a motion to suppress the victim's identification of him in a photo lineup because the officers investigating the victim's complaint improperly and maliciously coached the victim to identify him. He asserts that he was falsely arrested without probable cause and that his pretrial detention is unlawful. For relief, Plaintiff seeks damages in the amount of $2 million against the investigating officers and injunctive relief against the state attorney's office to prevent his continued prosecution. ECF No. 1.

Federal courts will not interfere with pending state criminal proceedings absent very narrow circumstances, pursuant to the *Younger v. Harris* abstention doctrine. 401 U.S. 37 (1971). "Under *Younger v. Harris* and its progeny, federal district courts must refrain from enjoining pending state court proceedings except under special circumstances." *Old Republic Union Ins. Co. v. Tillis Trucking Co., Inc.*, 124 F.3d 1258, 1261 (11th Cir. 1997). "The policy of equitable restraint expressed in [*Younger*] . . . is founded on the premise that ordinarily a pending state prosecution provides

the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Hughes v. Att'y Gen. of Florida*, 377 F.3d 1258, 1264 n. 7 (11th Cir. 2004).  The exceptions to *Younger* are very narrow and apply only if: there is evidence of state proceedings motivated by bad faith, irreparable injury would occur, or there is no adequate alternative state forum where the petitioner's constitutional issues can be raised.  *Id.* at 1263 n.6.  Although Plaintiff contends otherwise, the allegations of the Complaint do not suggest that this case would fall within any exception to *Younger*.  Plaintiff contends that the investigating officers acted in bad faith during the victim's identification, but that argument reflects a challenge to the sufficiency of the state's evidence which must be resolved in the first instance by the state court.  Plaintiff has not shown that the state court is an inadequate forum to assert such claims.

With respect to Plaintiff's claim for damages against the investigating officers, to state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995).  If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claims,

then the complaint is subject to dismissal. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-83 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible.").

A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other grounds* by *Iqbal).*

The Court construes Plaintiff's claim for $2 million in damages as one of false arrest and imprisonment. To establish a claim for false arrest/imprisonment, a plaintiff must prove: (1) that he was detained; and (2)

that the detention was unlawful. *See Wallace v. Kato*, 549 U.S. 384, 389 (2007) ("The sort of unlawful detention remediable by the tort of false imprisonment is detention without legal process") (citations and emphasis omitted). A claim under § 1983 for false imprisonment based on a detention pursuant to an arrest applies only to the period of incarceration lasting from the moment of arrest until the first legal action, *e.g.*, an arraignment or first court appearance.  The Supreme Court has explained that, "[f]alse arrest and false imprisonment overlap; the former is a species of the latter," *Wallace*, 549 U.S. at 388, and the damages recoverable under such claims are limited to those ensuing from the period of detention until the first legal action:

> Reflective of the fact that false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held pursuant to such process—when, for example, he is bound over by a magistrate or arraigned on charges. Thereafter, unlawful detention forms part of the damages for the "entirely distinct" tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process. "If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more. From that point on, any damages

recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself." *Id*. at 389–90 (quoting *Heck v. Humphrey*, 512 U.S. 477, 484 (1994)).

The Court takes judicial notice of the Alachua County public records of Plaintiff's criminal proceedings. Those records reflect that Plaintiff was arrested on December 12, 2019, and had a first appearance the following day. *See Florida v. Edward Lee Brown*, Case No. 2019-CF-3862A (Dkt. Entries 12/13/19 (first appearance proceedings) and 12/25/19 (motion for bond reduction confirming 12/12/19 arrest date)). Thus, the amount of time he was actually detained prior to the "first legal action" was very brief. Even if Plaintiff were entitled to recover any damages, such damages would be limited to the brief period between Plaintiff's arrest and his first appearance the following day. The facts alleged do not suggest any circumstances under which Plaintiff would be entitled to $2 million in damages against the investigating officers for a one-day detention.

Moreover, the facts alleged do not establish that Plaintiff is entitled to claim *any* damages for false arrest. "The proper inquiry in a Section 1983 claim based on false arrest is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Dowling v. City*

*of Phila*., 855 F.2d 136, 141 (3d Cir.1988). "When an officer has probable cause to believe a person committed even a minor crime, the balancing of private and public interests is not in doubt and the arrest is constitutionally reasonable." *Virginia v. Moore*, 553 U.S. 164, 171 (2008) (emphasis supplied).

Thus, to succeed on a false arrest claim a Plaintiff must allege facts showing that the arresting officer did not have probable cause for the arrest. The standard for determining whether probable cause exists in the Eleventh Circuit is the same standard under Florida and federal law – whether " 'a reasonable man would have believed [probable cause existed] had he known all of the facts known by the officer.' " *United States v. Ullrich*, 580 F.2d 765, 769 (5th Cir. 1978), *quoting State v. Outten*, 206 So.2d 392, 397 (Fla. 1968).

Plaintiff has not alleged facts showing that a reasonable person would not have believed that probable cause existed for his arrest.  Plaintiff concedes that both officers testified at a suppression hearing that the victim positively identified Plaintiff from a six-person photo array.  Plaintiff states that the officers then made contact with him and he agreed to go to police headquarters for questioning.  He was arrested following the questioning. Plaintiff alleges that after the suppression hearing he listened to an

audiotape of the officers presenting the photo lineup to the victim, and Plaintiff characterizes the officer's statements as "coaching". He contends that the audiotape suggests an officer pointed to his photograph before the victim identified him. ECF No. 1 at 6. Plaintiff's allegations are conclusional and speculative, and are insufficient to plausibly establish that the officers lacked probable cause to arrest him based upon the victim's positive identification. Plaintiff concedes that the state court rejected his motion to suppress the identification. Again, the state court is in the best position to determine the admissibility of the identification at trial.

Plaintiff's only conceivable remaining claim would be for the common-law tort of malicious prosecution. This claim also fails. To state a claim for malicious prosecution pursuant to § 1983, Plaintiff must allege facts establishing the elements of the common-law tort and a Fourth Amendment violation of his right to be free from an unreasonable seizure. *Kingsland v. City of Miami*, 382 F.3d 1220 (11th Cir. 2004). Under Florida law, a Plaintiff must establish six elements to support a claim of malicious prosecution: (1) an original judicial proceeding against the present Plaintiff was commenced or continued; (2) the present Defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a *bona fide* termination of that proceeding in favor of the present Plaintiff; (4) there

was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present Defendant; and (6) Plaintiff suffered damages as a result of the original proceeding. *See*, *e.g.*, *Durkin v. Davis*, 814 So.2d 1246, 1248 (Fla. 2d DCA 2002) (citing *Burns v. GCC Beverages, Inc.*, 502 So.2d 1217 (Fla.1986)). Here, there has been no termination of the state court proceedings in Plaintiff's favor.

Lastly, Plaintiff executed the Complaint under penalty of perjury. ECF No. 1 at 11-12. The Court's civil rights complaint form requires detainees to disclose their prior litigation history. The form expressly warns that "***failure to disclose all prior cases may result in dismissal of this case.***" Section VIII of the form executed by Plaintiff required him to disclose whether he has "filed other lawsuits in either ***state or federal*** court dealing with the same facts or issue involved in this case." Plaintiff responded "NO". *Id.* at 9.

Despite this sworn representation, Plaintiff previously filed a case in this Court challenging the same detention complained of in this case. *See Brown v. Griffin,* Case No. 1-21-cv-23-AW-GRJ (N.D. Fla.). That case was filed by Plaintiff on February 16, 2021, and the undersigned recommended that it be dismissed on April 5, 2021. The case remains pending.

*Page 10 of 12*

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601, at *4 (11th Cir. Feb. 10, 2011).[2] In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits . . . ." *Id*. The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir. 1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

---

[2] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case. The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal. *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

The Court has not ordered Plaintiff to show cause as to why this case should not be dismissed because there can be no plausible excuse for

Plaintiff's failure to disclose the existence of a pending federal case pertaining to the same issues as the instant case.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** pursuant to the *Younger* abstention doctrine, for failure to state a claim pursuant to 28 U.S.C. § 1915A, and as malicious for abuse of the judicial process.

**IN CHAMBERS** in Gainesville, Florida, this 27th day of April 2021.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.